U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEIGH SHANTAI HAMMONDS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-2345-L |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Leigh Shantai Hammonds, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily denied.

I.

In September 2007, petitioner was arrested for forgery and served four days in jail before being released on bond. Thereafter, on February 16, 2008, petitioner was arrested for burglary of a building. Petitioner remained incarcerated as a pretrial detainee until March 31, 2008, when she was convicted of both forgery and burglary of a building and sentenced to 350 days in a state jail facility. In her federal writ, petitioner alleges that she has been denied credit on her sentence for the time she was in pretrial custody which, if allowed, would entitle her to immediate release. Petitioner challenged the calculation of her sentence and the denial of sentence credits in the trial court, but has not filed an application for state post-conviction relief under Tex. Code Crim. Proc. Ann. art. 11.07.

(*See* Mag. J. Interrog. #3; Hab. Pet. at 3, ¶ 11). Instead, she filed this action in federal district court.[1]

II.

Federal habeas relief is not available to correct errors of state law unless a federal constitutional issue is presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Such is the case here. Even if petitioner's sentence credit claim is cognizable under Texas law, there is no federal constitutional right to credit for time served prior to sentencing. *See Franz v. Dretke*, No. 4-04-CV-0695-Y, 2005 WL 170244 at *1 (N.D. Tex. Jan. 24, 2005), *rec. adopted*, 2005 WL 415895 (N.D. Tex. Feb. 17, 2005), *citing Bayless v. Estelle*, 583 F.2d 730, 732 (5th Cir. 1978), *cert. denied*, 99 S.Ct. 2065 (1979). This ground for relief should be overruled.

### **RECOMMENDATION**

It plainly appears from the pleadings that petitioner is not entitled to relief. Accordingly, her application for writ of habeas corpus should be summarily denied. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] It is apparent that petitioner has not exhausted her state remedies because her sentence credit claim was never presented to the Texas Court of Criminal Appeals. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE